In the United States District Court
For the Eastern District of Pennsylvania

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA**, | : | No. 26-cr-286-JMY-1 |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **JERMAINE COLEMAN,** | : | |
| Defendant. | : | |

## MEMORANDUM

**Younge, J.**                                                                 June 23, 2026

Defendant Jermaine Coleman alleges that he is being detained on felony assault charges in relationship to an attempted stabbing that occurred in Delaware County, Pennsylvania on November 12, 2025. *Coleman v. George Hill Correctional Facility*, No. 26-cv-4273-NIQA (Police Criminal Complaint, Petition for Writ of Habeas Corpus, Exhibit A, ECF No. 2 pages 10-17); *Id.* Criminal Docket, Exhibit H, ECF No. 2 pages 26-31.). Defendant is now attempting to remove the state criminal case that was brought against him in connection with this attempted stabbing. (Notice of Removal, ECF 1.) Because the removal is untimely, and because Defendant has failed to establish any of the narrow bases for removal of a state criminal prosecution, this action will be remanded to the Delaware County Court of Common Pleas.

First, Defendant's removal is untimely. Under 28 U.S.C. § 1455(b)(1), a notice of removal must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the defendant shows good cause for his late filing. Here, Defendant incorporates by reference allegations contained in a petition for writ of habeas corpus that is currently pending in the Eastern District Court of Pennsylvania. *Coleman v. George W. Hill Correctional Facility*, No. 26-cv-4273-NIQA. In this petition, Defendant alleges

that he appeared before a magistrate for a preliminary arraignment on November 13, 2025, at which point in time his bail was set at $100,000.00. (*Id.* pages 2.) Defendant then argues that constitutional violations occurred based on his allegation that he was never formally arraigned. (Notice of Removal page 1.) However, Defendant provides no evidence in support of his claim that a constitutional violation occurred in relationship to the timing of his formal arraignment. The Defendant relies merely on his own bald unsupported allegations of governmental misconduct to support his theory that the criminal action pending against him in Delaware County should be removed to federal court. Based on this lack of evidence and the clear fact that Defendant was brought before a magistrate for a preliminary arraignment hearing on November 13, 2025, the Court finds that more than 30 days have passed since November 13, 2025, and Defendant has not shown good cause for the delay.

Second, the action must be remanded because Defendant has not satisfied any of the limited grounds on which removal of a criminal case is permitted. Those grounds are set forth in three statutes: 28 U.S.C. §§ 1442, 1442a, and 1443. *Id.* Section 1442 allows removal of state criminal actions brought against "federal officers and agencies for acts done under color of law." *Id.* Section 1442a permits removal of criminal prosecutions brought against a member of the armed forces for an act done "under color of his office or status." *Id.* Lastly, Section 1443 authorizes removal of criminal prosecutions in two situations. Section 1443(1) permits removal when a defendant "is denied or cannot enforce" in the state court "a right under any law providing for the equal civil rights of citizens." *Id.* To invoke this subsection, the defendant must show that he was deprived of rights guaranteed by a federal law that provides for "specific civil rights stated in terms of racial equality." *Davis v. Glanton,* 107 F.3d 1044, 1047 (3d Cir. 1997); *Georgia v. Rachel,* 384 U.S. 780, 792 (1966). Section 1443(2) authorizes removal by

2

federal officers and "those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," and removal by state officers prosecuted for refusal to perform an act because it would be inconsistent with federal civil rights law. *City of Greenwood v. Peacock,* 384 U.S. 808, 824, 824 n.22 (1966).

Based on allegations as pled by Defendant in the Notice of Removal, none of these situations are applicable to the criminal case that has been brought against him.  Defendant has not shown that he is a member of the military or is an eligible federal or state officer.  Defendant cites to 28 U.S.C. § 1443(b)(1); however, he provides no allegations to establish that racial injustice had anything to do with the fact that he is being detained on felony aggravated assault charges in connection with an attempted stabbing.  Defendant provides no factual contentions or applicable, relevant case law that the Constitution requires removal of the criminal case pending against him in Delaware County, Pennsylvania.  Defendant provides no specific cognizable explanation as to how his rights were violated at the preliminary hearing held therein.

Given these procedural and substantive defects, this case will be remanded to state court. An appropriate order shall follow.

**BY THE COURT**:

    /s/ John Milton Younge
Judge John Milton Younge

3